J-S28025-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ELIEZER ALMANZAR | : | |
| | : | |
| Appellant | : | No. 1100 MDA 2019 |

Appeal from the PCRA Order Entered April 26, 2019
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0000294-2014

BEFORE:  BOWES, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                    **FILED JULY 31, 2020**

Appellant, Eliezer Almanzar, appeals from the order entered on April 26, 2019 denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  In this appeal from the denial of PCRA relief, Appellant's court-appointed counsel filed an application to withdraw and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  Upon review, we grant counsel's petition to withdraw and affirm the order denying Appellant's PCRA petition.

We briefly summarize the facts and procedural history of this case as follows.  On December 29, 2014, a jury convicted Appellant of one count each of involuntary deviate sexual intercourse (IDSI) with a child, aggravated

indecent assault of a child, and corruption of minors.[1]   The convictions stemmed from an incident, on September 7, 2013, wherein Appellant licked the vagina of the four-year-old daughter of Appellant's then-girlfriend.[2] Following Appellant's convictions, the trial court sentenced Appellant to six to 12 years of incarceration for IDSI and to a concurrent term of five to 10 years of incarceration for corruption of minors.   Appellant's conviction for aggravated indecent assault merged with IDSI for sentencing purposes.  We affirmed Appellant's judgment of sentence in an unpublished memorandum filed on July 20, 2016.  *Commonwealth v. Almanzar*, 154 A.3d 862 (Pa. Super. 2016) (unpublished memorandum).  Pertinent to this appeal, the prior panel, among other things, determined that Appellant's confession to police was voluntary and not coerced and, therefore, suppression of his statements was unwarranted.   On April 25, 2017, our Supreme Court denied further appellate review.  *Commonwealth v. Almanzar*, 168 A.3d 1275 (Pa. 2017).

On October 3, 2017, Appellant filed a timely PCRA petition.  The PCRA court held a hearing on August 30, 2018.  On April 26, 2019, the PCRA court denied relief by order and accompanying opinion.  Following some confusion regarding Appellant's representation and filing deadlines, the PCRA court ultimately reinstated Appellant's right to file an appeal *nunc pro tunc* on June

---

[1] 18 Pa.C.S.A. §§ 3123(b), 3125(b), and 6301(a)(1)(ii), respectively.

[2] Relevant to this appeal, Appellant confessed to police that the incident occurred.

26, 2019. The Commonwealth did not oppose reinstatement of Appellant's appeal rights. This timely appeal resulted.[3]

Prior to addressing the merits of the issues raised on appeal, we must determine whether counsel met the procedural requirements necessary to withdraw. Counsel seeking to withdraw in PCRA proceedings

> must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the [PCRA] court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

> Where counsel submits a petition and no-merit letter that satisfy the technical demands of **Turner**/**Finley**, the court — [the PCRA] court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Muzzy**, 141 A.3d 509, 510–511 (Pa. Super. 2016) (citations and original brackets omitted). Here, counsel fulfilled all of the

---

[3] On July 3, 2019, Appellant filed a counseled notice of appeal. On August 15, 2019, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on September 5, 2019. On December 12, 2019, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) that largely relied upon its earlier opinion dated April 26, 2019.

procedural requirements necessary to withdraw as PCRA counsel.[4] Thus, we turn to analyze the merits of the claims raised in the **Turner**/**Finley** letter filed by counsel.

Appellant claims that trial counsel was ineffective for failing to: (1) authenticate text messages and photographs to undermine the testimony of the victim's mother, by showing she initially believed Appellant was innocent, and; (2) present a hygiene defense.

This Court's standard of review regarding an order dismissing a petition under the PCRA is:

> whether the determination of the PCRA court is supported by evidence of record and is free of legal error. In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the [PCRA hearing] level. We may affirm a PCRA court's decision on any grounds if it is supported by the record.

**Commonwealth v. Rivera**, 10 A.3d 1276, 1279 (Pa. Super. 2010) (citations omitted). "The PCRA court's credibility determinations, when supported by the record, are binding; however, [appellate courts apply] a *de novo* standard of review to the PCRA court's legal conclusions." **Commonwealth v. Montalvo**, 205 A.3d 274, 286 (Pa. 2019).

To be eligible for relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence

---

[4] We note that, on May 18, 2020, Appellant filed a *pro se* response to counsel's **Turner**/**Finley** brief. We will briefly address Appellant's *pro se* contentions later.

- 4 -

resulted from "one or more" of the seven, specifically enumerated circumstances listed in 42 Pa.C.S.A. § 9543(a)(2). One of these statutorily enumerated circumstances is the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

This Court has previously determined:

The law presumes counsel has rendered effective assistance. The burden of demonstrating ineffectiveness rests on [a petitioner]. To satisfy this burden, [a petitioner] must plead and prove by a preponderance of the evidence that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different. Failure to satisfy any prong of the test will result in rejection of the [petitioner's] ineffective assistance of counsel claim.

*Commonwealth v. McGarry*, 172 A.3d 60, 70 (Pa. Super. 2017) (internal citations and quotations omitted).

Here, the PCRA court determined, in light of Appellants' confession to police, that Appellant failed to prove prejudice with respect to either of his claims alleging ineffective assistance of counsel. The recorded police interview was played for the jury. N.T., 9/9/2014, at 141- 142. As such, the PCRA court determined that failing to authenticate and present text messages between Appellant and the victim's mother following the incident, in an effort to undermine the witness' credibility, and failing to present a hygiene defense

would not have changed the outcome of the case.  We agree.  In light of Appellant's admission to police that he committed the crimes at issue, trial counsel did not render ineffective assistance of counsel for failing to challenge the credibility of the victim's mother or failing to present a hygiene defense. Accordingly, we affirm the PCRA court's order denying relief.

Additionally, as noted earlier, Appellant filed a *pro se* response to counsel's ***Turner***/***Finley*** no merit letter.  Appellant's response does not alter our determination.  In his response, Appellant again raised the two ineffective assistance claims addressed above, which we determined lack merit. Furthermore, Appellant suggests that his statements to police were coerced, thereby rendering the PCRA court's reliance upon his confession flawed.  ***See Pro S****e* Response, 5/18/2020, at 21 ("Jurors today are aware that the police sometimes engage in coercive tactics that lead innocent defendants to inculpate themselves. The tactics used in this case were distinctly designed to provoke an admission of guilt."); ***Id.*** at 23 ("When viewed against the backdrop of *how* the confession was extracted the confession itself does not carry as much weight as the PCRA [c]ourt contends.").  Notwithstanding, Appellant's PCRA petition never included a claim alleging  that trial counsel was ineffective in failing to raise, or failing to properly litigate, a claim asserting that Appellant's confession to the police was coerced.  Moreover, Appellant never sought to amend his PCRA petition to include this specific claim.  "Where the petitioner does not seek leave to amend his petition after counsel has filed a ***Turner***/***Finley*** no-merit letter, the PCRA court is under no

obligation to address new issues." ***Commonwealth v. Rigg***, 84 A.3d 1080, 1085 (Pa. Super. 2014). In addition, this Court may not review an issue for the first time on appeal. ***See*** Pa.R.A.P. 302(a). Thus, the confession-related claims raised in Appellant's ***Turner***/***Finley*** response were not properly preserved for our review. Finally, a PCRA petitioner must establish that issues presented under the PCRA have not been previously litigated or waived. ***See*** 42 Pa.C.S.A. § 9543(a)(3). Here, as previously mentioned, trial counsel sought the suppression of Appellant's statements made to police. Thereafter, on direct appeal, a prior panel of this Court determined that police did not subject Appellant to a custodial interrogation and that his subsequent confession was voluntary and not coerced. ***See Commonwealth v. Almanzar***, 154 A.3d 862 (Pa. Super. 2016) (unpublished memorandum) at *11. Hence, the constitutional validity of Appellant's confession was previously litigated and, therefore, not subject to attack in the context of collateral proceedings.

Moreover, after conducting our own review, we find that there are no meritorious claims. As such, we affirm the dismissal of Appellant's PCRA petition and grant counsel's application to withdraw.

Order affirmed. Application to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/31/2020